**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

FREDERICK LINDEN,

Plaintiff,

vs.

STEPHANIE LINDEN, *et al.*,

Defendants.

Case No.: 2:25-cv-01491-GMN-BNW

**ORDER GRANTING MOTIONS TO QUASH SUMMONS**

Pending before the Court are the Motions to Quash Summons, (ECF Nos. 11, 12, 13, 14),[1] filed by Defendants Gevorg Manoukian, Henry Linden, Keith Linden, and Stephanie Linden, respectively. Plaintiff Frederick Linden, proceeding *pro se*, filed Responses to each Motion, (ECF Nos. 15, 16, 17, 18), and a Consolidated Response to all Motions to Quash, (ECF No. 19). Defendants collectively filed a Reply, (ECF No. 21). Further pending before the Court is Plaintiff's Motion to Compel Court to Render a Decision, (ECF No. 22).[2] Defendants did not file a Response, and the time to do so has passed. (*See* Mot. Compel, ECF No. 22) (setting a December 8, 2025, deadline for Responses).

For the reasons discussed below, the Court GRANTS the Motions to Quash.

///

///

[1] While styled as Motions to Quash Summons, each of the four Motions seeks dismissal for (1) lack of personal jurisdiction under Federal Rule of Civil Procedure ("FRCP") 12(b)(2), and (2) insufficient service of process under FRCP 12(b)(5). (*See generally* Mots. Quash, ECF Nos. 11, 12, 13, 14). However, none of the Motions explain why service was insufficient in this case. (*See generally id.*). Accordingly, the Court DENIES Defendants' FRCP 12(b)(5) theory of dismissal and addresses their FRCP 12(b)(2) theory of dismissal.

[2] Plaintiff's Motion to Compel seeks a ruling from the Court on the pending Motions to Quash. (*See generally* Mot. Compel, ECF No. 22). Because the Court now renders that ruling, the Court DENIES Plaintiff's Motion to Compel as moot.

## I. BACKGROUND

This case arises out of a series of troubling allegations of sexual assault suffered by Plaintiff Frederick Linden during his childhood. (*See generally* Compl., ECF No. 1). Specifically, Plaintiff alleges that from the age of eight to the age of eighteen, he was sexually assaulted by his parents Stephanie Linden and Keith Linden, his brother Henry Linden, and Gevorg Manoukian, a professional dancer and acquaintance of Stephanie Linden. (*Id.* ¶¶ 7–15, 20–26). Plaintiff alleges that he was sexually abused by one or more of the Defendants in South Dakota, California, and Arizona. (*Id.* ¶¶ 7, 9–10, 13, 15, 18, 20, 22–26). Notably, none of the events alleged by Plaintiff in his Complaint occurred in Nevada. (*See generally id.*).

Defendant Gevorg Manoukian is a resident of Utah, (Gevorg Mot. Quash 3:8–9, ECF No. 11), and Defendants Henry, Keith, and Stephanie Linden are residents of South Dakota. (Henry Mot. Quash 3:10–11, ECF No. 12); (Keith Mot. Quash 4:15, ECF No. 13); (Stephanie Mot. Quash 3:14, ECF No. 14). Plaintiff asserts seven claims against all Defendants: (1) sexual assault, (2) sexual battery, (3) domestic violence, (4) sexual harassment, (5) intentional infliction of emotional distress, (6) negligence, and (7) negligent supervision. (Compl. ¶¶ 31–83).

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(2)

Federal Rule of Civil Procedure ("FRCP") 12(b)(2) permits a defendant, by way of motion, to assert the defense that a court lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). When a 12(b)(2) motion is based on written materials, rather than an evidentiary hearing, the plaintiff need only establish a prima facie showing of jurisdictional facts to withstand the motion to dismiss. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). District courts take the uncontroverted allegations in the complaint as true. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002).

When no federal statute applies to the determination of personal jurisdiction, the law of the state in which the district court sits applies. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Because Nevada's long-arm statute reaches the outer limits of federal constitutional due process, courts in Nevada need only assess constitutional principles of due process when determining personal jurisdiction. *See* Nev. Rev. Stat. 14.065; *Galatz v. Eighth Jud. Dist. Ct.*, 683 P.2d 26, 28 (Nev. 1984).

Due process requires that a non-resident defendant have minimum contacts with the forum such that the "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Minimum contacts can give rise to either general or specific jurisdiction. *LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000). General jurisdiction exists where a defendant maintains "continuous and systematic" ties with the forum state, even if those ties are unrelated to the cause of action. *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984)). Specific jurisdiction exists where claims "arise out of" or "relate to" the contacts with the forum, even if those contacts are "isolated or sporadic." *Id.*

## III. DISCUSSION

Defendants Gevorg Manoukian, Henry Linden, Keith Linden, and Stephanie Linden each argue that the Court lacks both general and specific personal jurisdiction over them. (Gevorg Mot Quash 4:14–5:2, ECF No. 11); (Henry Mot. Quash 4:13–5:2, ECF No. 12); (Keith Mot. Quash 4:14–5:2, ECF No. 13); (Stephanie Mot. Quash 4:14–27, ECF No. 14). In response, Plaintiff contends that this Court has personal jurisdiction over all Defendants because (1) they each traveled to Nevada at different points in time, and (2) Defendants' conduct was intentionally directed into Nevada. (Consol. Resp. 3:2–25, ECF No. 19). While Plaintiff does not specify whether the Court has general or specific personal jurisdiction, the

Court construes his Responses as arguing both bases of personal jurisdiction.[3] The Court thus addresses each in turn.

**A. General Jurisdiction**

Courts have general jurisdiction over parties at home in the forum state. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). "For an individual, the 'paradigm forum' for the exercise of general jurisdiction is the 'individual's domicile.'" *Bristol-Meyers Squibb Co. v. Super. Ct.*, 582 U.S. 255, 255–56 (2017) (quoting *Goodyear Dunlap Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). General jurisdiction also exists where a defendant maintains "continuous and systematic" ties with the forum state, even if those ties are unrelated to the cause of action. *Schwarzenegger*, 374 F.3d at 801 (quoting *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 416).

Here, none of the Defendants are residents of Nevada; Gevorg Manoukian is domiciled in Utah, (Gevorg Mot. Quash 4:15), and Henry, Keith, and Stephanie Linden are domiciled in South Dakota. (Henry Mot. Quash 4:14–15); (Keith Mot. Quash 4:15); (Stephanie Mot. Quash 4:14). Further, while each Defendant admits to visiting Nevada in the past, those visits were brief and unrelated to the claims asserted by Plaintiff. (Gevorg Mot. Quash 3:19–23); (Henry Mot. Quash 3:23–26); (Keith Mot. Quash 3:20–25); (Stephanie Mot. Quash 3:18–22). Plaintiff provides no evidence that those visits created ties continuous or systematic enough to establish general jurisdiction. *See, e.g.*, *Gunn v. Wild*, No. 2:17-cv-72 JCM (GWF), 2018 WL 473005, at *4 (D. Nev. Jan. 18, 2018) (finding defendant's frequent visits to Nevada and membership in a Nevada golf club insufficient to confer general personal jurisdiction). Accordingly, Plaintiff has failed to show that the Court has general jurisdiction over any of the Defendants.

///

---

[3] Courts have a duty to construe *pro se* pleadings liberally, including *pro se* motions and complaints. *Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003) (citing *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001)).

**B. Specific Jurisdiction**

The Court next analyzes whether it has specific jurisdiction over any of the Defendants. Specific jurisdiction refers to "jurisdiction based on the relationship between the defendant's forum contacts and plaintiff's claims." *Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007). Specific jurisdiction must arise out of "contacts that the 'defendant himself' creates with the forum State" and cannot be established from the conduct of a plaintiff or third parties within the forum. *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

Courts employ a three-prong test to analyze whether the assertion of specific personal jurisdiction in a given forum is proper:

1) The non-resident defendant must [a] purposefully direct his activities or consummate some transaction with the forum or resident thereof; or [b] perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws;

2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802.

"The plaintiff bears the burden of satisfying the first two prongs of the test." *Id.* If the plaintiff satisfies the first two prongs, the burden will shift to the defendant to show that exercising jurisdiction would be unreasonable. *Id.* "If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.*

In evaluating the first prong, the Ninth Circuit typically distinguishes between cases sounding in contract and those sounding in tort. *Id.* In contract actions, the inquiry considers whether a defendant "purposefully avails itself of the privilege of conducting activities or consummates a transaction in the forum, focusing on activities such as delivering goods or

executing a contract." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (citation modified). In tort cases, the inquiry assesses whether the defendant "purposefully directs his activities at the forum state." *Id.* (citation modified). Because the claims against the parties arise out of tort law, the Court applies the "purposeful direction" test for the first *Schwarzenegger* prong.

Under the purposeful direction test, based on *Calder v. Jones*, 465 U.S. 783 (1984), Plaintiff must establish that Defendants "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017). If these elements are met, a court can exercise jurisdiction "even if the defendant never set foot in the forum state." *Burri L. PA v. Skurla*, 35 F.4th 1207, 1213 (9th Cir. 2022). An action may be directed at a forum state even if it occurred elsewhere. *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017).

The Court analyzes the purposeful direction test with respect to each Defendant in turn.

**1. Defendant Manoukian**

With respect to the first prong, Plaintiff asserts that *all* Defendants "engaged in repeated communications—phone calls, emails, and social media messages—directed at Plaintiff in Nevada." (Consol. Resp. 3:20–22). Plaintiff does not assert any other connection between Defendants' activity and Nevada. (*See generally* Compl.); (Consol. Resp. 3:18–25). However, Plaintiff's Complaint does not allege that Defendant Manoukian sent him any communications in Nevada; while he alleges that the remaining Defendants contacted him over the phone, email, and social media, (Compl. ¶ 66), he makes no mention of Defendant Manoukian. (*See generally id.*). "It is axiomatic that a party may not amend its complaint through its opposition to a motion to dismiss." *Calvillo v. Experian Info. Sols., Inc.*, No. 2:19-cv-00277-RFB-NJK, 2020 WL 1549574, at *4 (D. Nev. Apr. 1, 2020) (citing *Schneider v. Cal. Dep't of Corrs.*, 151

F.3d 1194, 1197 n.1 (9th Cir. 1998)). The Court therefore finds that Plaintiff has failed to satisfy the first element of the purposeful direction test and thus fails to carry his burden of establishing the first prong of the *Schwarzenegger* test. Accordingly, Plaintiff fails to show that this Court has specific personal jurisdiction over Defendant Manoukian.

**2. Defendants Henry, Keith, and Stephanie Linden**

As explained above, Plaintiff alleges that Defendants Henry, Keith, and Stephanie Linden contacted him over the phone, email, and social media while he was in Nevada. (Compl. ¶ 66). Accepting Plaintiff's allegations as true, the Court finds that he has met the first element of the purposeful direction test with respect to Defendants Henry, Keith, and Stephanie Linden.

However, Plaintiff fails to satisfy the second element of the purposeful direction test. Generally, phone calls and emails are insufficient to show "express aiming" under the purposeful direction test. *See, e.g.*, *SKAPA Holdings LLC v. Seitz*, No. CV-20-00611-PHX-DJH, 2021 WL 672901, at *6 (D. Ariz. Jan. 21, 2021) (holding that alleged phone calls and emails did not establish a showing of purposeful direction). As the Ninth Circuit has explained, courts undertaking an "express aiming" inquiry "must focus on the defendant's contacts with the forum state, not defendant's contacts with a resident of the forum." *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015). Importantly, "the plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). Here, Plaintiff is the only such link. The Court therefore finds that Plaintiff has failed to satisfy the second element of the purposeful direction test and thus fails to satisfy the first prong of the *Schwarzenegger* test. Accordingly, Plaintiff fails to show that this Court has specific personal jurisdiction over Defendants Henry, Keith, and Stephanie Linden.

Because Plaintiff has failed to show that the Court has either general or specific personal jurisdiction over any of the Defendants, the Court GRANTS Defendants' Motions to Quash and

DISMISSES them as parties without prejudice so that Plaintiff may pursue his claims against them in the proper forum if he so wishes.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Manoukian's Motion to Quash, (ECF No. 11), is **GRANTED** to the extent it seeks dismissal under FRCP 12(b)(2). Defendant Manoukian is **DISMISSED** as a party **without prejudice** so that Plaintiff may pursue claims against him in the proper forum if he so wishes.

**IT IS FURTHER ORDERED** that Defendant Henry Linden's Motion to Quash, (ECF No. 12), is **GRANTED** to the extent it seeks dismissal under FRCP 12(b)(2). Defendant Henry Linden is **DISMISSED** as a party **without prejudice** so that Plaintiff may pursue claims against him in the proper forum if he so wishes.

**IT IS FURTHER ORDERED** that Defendant Keith Linden's Motion to Quash, (ECF No. 13), is **GRANTED** to the extent it seeks dismissal under FRCP 12(b)(2). Defendant Keith Linden is **DISMISSED** as a party **without prejudice** so that Plaintiff may pursue claims against him in the proper forum if he so wishes.

**IT IS FURTHER ORDERED** that Defendant Stephanie Linden's Motion to Quash, (ECF No. 14), is **GRANTED** to the extent it seeks dismissal under FRCP 12(b)(2). Defendant Stephanie Linden is **DISMISSED** as a party **without prejudice** so that Plaintiff may pursue claims against her in the proper forum if he so wishes.

///

///

///

///

///

///

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Court to Render a Decision, (ECF No. 22), is **DENIED as moot.**

The Clerk of Court is kindly directed to close this case.

**DATED** this 28 day of August, 2026.

________________________________
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT